CASE 28—PETITION ORDINARY—JUNE 18.

# Brown's ex'x vs. Hawkins's ex'x.

APPEAL FROM FRANKLIN CIRCUIT COURT.

"For and in consideration of one thousand dollars, I have this day sold to Mason Brown my negro man slave, Pete, aged thirty-three years. I warrant that I have good title to him; that he is a slave for life, and sound and healthy. As the said boy has heretofore run away, I covenant that, in case that he runs away and escapes from the said Brown, I will refund five hundred dollars of the purchase money, without interest, as witness my hand this 16th of October, 1858.

"E. C. HAWKINS."

Pete ran away and made his escape in August, 1864. *Held*—That the spirit of the contract would not have entitled Brown to anything for Pete's escape in old age, and for like reasons, his escape, six years after his delivery, and when unexpected events had caused it, and made him worthless or of less value than five hundred dollars, could not have been contemplated as cause of action for that stipulated sum. Neither party could have contemplated the war and its consequences. No action can be maintained on the bond on account of the escape.

T. N. & D. W. LINDSEY,                    For Appellant.

P. U. MAJOR,                              For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 13th of May, 1865, this action was brought by Mason Brown, and, after his death, revived in the name of his executrix, against the executrix of E. C. Hawkins, for the recovery of five hundred dollars on the following written contract: "For and in consideration of one thousand dollars, I have this day sold to Mason Brown my

negro man slave, Pete, aged thirty-three years. I war-
rant that I have good title to him; that he is a slave for
life, and sound and healthy. As the said boy has hereto-
fore run away, I covenant that, in case that he runs away
and escapes from the said Brown, I will refund five hun-
dred dollars of the purchase money, without interest, as
witness my hand this 16th of October, 1858.

" E. C. Hawkins."

The petition alleges that in August, 1864, Pete ran
away from Brown, and neither returned nor could be
recovered again.

On a proper issue, the jury found a verdict for the
defendant, and the court rendered a judgment in bar of
the action. That judgment cannot be disturbed, unless
the circuit judge erred in instructions.

The following instruction to the jury is urged as suffi-
cient cause for reversal: " That the plaintiff, to show that
Pete was run off, must prove some fact to the jury tend-
ing to prove that he was not absent by the order, consent,
or permission of plaintiff's testator; otherwise, the jury
must find for the defendant."

If Brown had any agency in Peter's escape, or con-
nived at it, the proof of any such affirmative fact de-
volved on the appellee. It was unreasonable to require
Brown to prove a negative; and, moreover, as there was
no testimony authorizing an imputation of Brown's con-
nivance, this instruction was abstract and misleading.
And if Peter's escape, under all the circumstances of
time, manner, and presumed motive, had been contem-
plated by the parties to the contract as cause for res-
titution of five hundred dollars, the verdict was not
authorized by the evidence. But if the contract should
not be so interpreted, there was no cause of action; and,
on this hypothesis, the judgment should not be reversed
for error by the court or by the jury.

The motives for the anomalous provision for contingent restitution of half of the consideration were, evidently, Brown's apprehension that Peter had a peculiar passion for running away, and a fear that he might *soon,* again and again, indulge that proclivity. The spirit of contract would not have entitled Brown to anything for Peter's escape in old age, and, for the like reason, his escape six years after his delivery, and when unexpected events had caused it, and made him worthless or of less value than five hundred dollars, could not have been contemplated as cause of action for the stipulated sum of five hundred dollars. Neither party could have contemplated such a civil war as that which succeeded, with all its unhingements of social and domestic relations, and all its peculiar temptations to insubordination by slaves, and its extraordinary facilities for their escape from the services of slavery. These unforeseen circumstances must be presumed to have operated, in a greater or less degree, on all slaves, and to have induced many to run away who, under the circumstances existing at the date of Brown's purchase of Peter, would never have tried to escape from their owners.

The fact that Peter remained in the service of Brown six years shows that his flight, *with two others of Brown's slaves,* was prompted by motives common to all of them, and to many other slaves who ran off about the same time, and was apparently not actuated by any morbid or unusual passion for running away peculiar to Peter when Brown bought him; and, consequently, Peter's escape, when and as it occurred, cannot be rationally ascribed to the fugitive disposition which had prompted his flights before the sale to Brown ; and, according to the only consistent construction of the contract, was not such a flight as the parties contemplated and intended to

provide for. This is a deduction of law, and shows that the runaway, as charged, afforded no cause of action on the contract, and, consequently, that a verdict for the appellant could not have stood.

The exceptionable instruction, therefore, did no harm, and is no cause for reversal.

Wherefore, the judgment is affirmed.